## No. 9320.

### DANIELS AND FISHER STORES COMPANY *v.* ALLEN.

1. PROMISSORY NOTE—*Consideration—Prior Debt.* An existing indebtedness is no consideration for the subsequent execution of a promissory note, without any previous agreement therefor —no credit given being shown.

2. *Agreement to Forbear an Action,* is a valid consideration.

3. APPEAL AND ERROR—*Findings Below,* sustained by the evidence, conclude the court of review.

*Error to Denver District Court, Hon. John A. Perry, Judge.*

*Department One.*

Mr. JOHN HORNE CHILES, for plaintiff in error.

Mr. ERNEST MORRIS, for defendant in error.

Opinion by Mr. Justice Teller.

PLAINTIFF in error brought suit against defendant in error on a promissory note, payable on demand, and was non-suited by the trial court.

Designating the parties as they stood in the court below, the defendant executed the note in suit in a sum equal to an indebtedness of a member of his family to the plaintiff on a store account. It is conceded that defendant owed no part of said debt.

The record shows that no credit was given on the account because of the note, the account being left on plaintiff's book as it was before the note was given.

Plaintiff's evidence was to the effect that the note was taken as security for the debt.

Since the indebtedness existed prior to the execution of the note, or any agreement to give it, it is not a consideration for the note. *Currier v. Clark,* 15 Colo. App. 6, 60 Pac. 958.

Plaintiff in error contends that a consideration may be found in the fact that the note was given to prevent a suit which plaintiff threatened to begin.

There is no question that an agreement to forbear the bringing of a suit is a valid consideration for a note, but it does not appear that there was such an agreement in this case, and the trial court expressly so found. Under the evidence for plaintiff, suit on the account could have been begun at any time, and, as the note was payable on demand, the authorities, cited to the effect that the acceptance of the note suspends the right of action until the note becomes due, are not in point.

The defendant received no benefit, and the plaintiff was in no manner harmed by the transaction, and one or the other of these things must have resulted to constitute a valid consideration for the note.

The finding of the court below that there was no agreement to forbear suit is sustained by the evidence, and is binding upon us.

There was, therefore, no error in granting a non-suit, and the judgment is accordingly affirmed.

Judgment affirmed.

Chief Justice Garrigues and Mr. Justice Burke concur.